MATTER OF P——N——

In EXCLUSION Proceedings

A-6245275

Decided by Board October 7, 1959

Revocation of visa—Not invalidated by lack of notice to alien or failure to effect physical cancellation—Evidence—State Department certification admissible.

(1) Revocation of visa by Secretary of State under authority of section 221(i) of the 1952 act, timely notice of which is communicated to the Attorney General, is not invalidated by lack of notice to alien or failure to effect physical cancellation of the visa prior to his arrival in the United States.

(2) Certification by Department of State attesting to revocation of nonimmigrant visa prior to alien's application for admission to United States, despite objections as hearsay, is admissible in evidence in immigration proceedings.

EXCLUDABLE: Act of 1952—Section 212(a)(26) [8 U.S.C. 118_(a)(26)]—Nonimmigrant, no valid nonimmigrant visa.

BEFORE THE BOARD

Discussion: The case comes forward on appeal from the order of the special inquiry officer dated May 27, 1959, finding the applicant inadmissible on the ground stated above and directing that he be excluded and deported from the United States.

The facts of the case are fully set forth in the decision of the special inquiry officer. The record relates to a native and citizen of Cuba, 41 years old, male, who arrived at the port of Miami Florida, on January 24, 1959, and applied for admission to the United States as a temporary visitor for pleasure under the provisions of section 101(a)(15)(B) of the Immigration and Nationality Act of 1952. He presented a valid Cuban passport which containe a nonimmigrant visa stamp (classification B-2) showing that nonimmigrant visa was issued to him by an American Vice Consul at Havana, Cuba, on October 4, 1957, valid for multiple application for admission for 4 years from date. The applicant had been previously admitted to the United States on August 6, 1946, for perm nent residence but renounced his residence in the United Stat about 1950 in a letter addressed to the Consul of the United Sta at Havana. He makes no claim of being a permanent resident seeks admission solely as a nonimmigrant temporary visitor.

456

The record contains a document by the Acting Secretary of State authenticating a certification by the Deputy Director, Visa Office, Department of State, Washington, D.C., to the effect that on January 21, 1959, the American Consul at Kingston, Jamaica, British West Indies, was notified by telephone that the nonimmigrant visa previously issued to the appellant on October 4, 1957, by the American Consul at Havana, Cuba, had been invalidated by the Department of State in Washington, D.C., in accordance with the authority contained in section 221(i) of the Immigration and Nationality Act. It is further set forth that the said American Consul was directed to notify the appellant of the visa invalidation and, in addition, to notify appropriate transportation lines of the invalidation of the said visa, and further, to pursue such steps as necessary to effect physical cancellation of the visa. It was also indicated that notice of the visa invalidation was communicated to the Immigration and Naturalization Service of the Department of Justice. The communication contains information that the American Embassy at Ciudad Trujillo had notified the applicant telephonically that his visa was invalidated.

The appellant has denied that he received any notification of the invalidation of his nonimmigrant visa and it is conceded that there was no physical cancellation of the visa on January 24, 1959, at the time he applied for admission. The visa now bears a handwritten notice of cancellation placed thereon on January 25, 1959, by an immigration officer at San Juan, Puerto Rico. After being informed on January 24, 1959, that his nonimmigrant visa had been invalidated by the Department of State, the appellant elected to withdraw his application for admission and to return to the Dominican Republic. He returned by way of San Juan, Puerto Rico, where the cancellation stamp was placed upon his visa by the aforementioned immigration officer. Subsequently he instituted a civil action in the United States District Court for the Southern District of Florida and the court directed that the applicant be returned to the United States for the purpose of testifying in the immigration administrative proceedings to determine his admissibility. His return to the United States on March 1, 1959, was pursuant to such court order.

The main point at issue is whether the nonimmigrant visa was properly invalidated before the appellant applied for admission to the United States on January 24, 1959. There is, of course, no doubt that subsequent thereto, to wit, on January 25, 1959, the visa was physically cancelled and the appellant had notice of such physical cancellation. It is also apparent from the testimony of record that the appellant's visa was not physically cancelled upon the date of his application for admission on January 24, 1959.

457

There is conflicting evidence as to whether he was aware that it had been invalidated by the Department of State prior to such date.

The applicant for admission has the burden of establishing his eligibility for admission to the United States under the immigration laws. The appellant has done so by submitting the required documents and no qualitative grounds of inadmissibility have been urged. However, the record does contain the certification from the Department of State which establishes that the nonimmigrant visa had been invalidated prior to the appellant's application for admission to the United States by the Department of State at Washington, D.C. This document, despite objections as hearsay, is admissible as a properly authenticated copy by an official of the Department of State which must be accorded a presumption of regularity. In addition, this communication, as well as the communications from the Service, meets the test of admissibility in immigration proceedings, namely, that it is probative evidence of the fact of invalidation of the nonimmigrant visa prior to the date of appellant's application for admission.

The communication from the Department of State sets forth that revocation was pursuant to section 221(i) of the Immigration and Nationality Act. This subparagraph (i) provides that after issuance of a visa or other documentation to any alien the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa or other documentation; and further provides that notice of such revocation shall be communicated to the Attorney General, and such revocation shall invalidate the visa or other documentation from the date of issuance. It is to be noted that this subparagraph contains no provision for notification to the alien of the invalidation or revocation of the visa.

However, counsel contends that the revocation is not valid because it was not done pursuant to the State Department regulations 22 CFR 41.18, which deal with revocation and invalidation of non immigrant visas and other nonimmigrant documentation. It i believed, however, that the provisions of 22 CFR 41.18 are no applicable to the instant case. Section 221(i) provides that afte issuance of the visa the consular officer *or the Secretary of Stat* may at any time in his discretion revoke such visa and provides fo notice to the Attorney General and that such revocation shall i validate the visa from the date of issuance.

The regulations referred to by counsel, 22 CFR 41.18, deal wi revocation and invalidation by a *consular* officer. It is noted th the proviso to subparagraph (d) of 22 CFR 41.18 states that t consular office which issued the visa shall be notified of the revo tion or the invalidation if such action was effected by any otl consular office *or by the Department of State.*

458

It, therefore, appears that by statute and by regulation authority is granted to the Department of State, as well as to consular officers, to invalidate or revoke a visa prior to the arrival of the alien in the United States. The regulations cited, 22 CFR 41.18, provide the procedure for consular revocation, but even those regulations provide in subparagraph (c) that notification and opportunity to show cause why the visa should not be revoked shall be given, *if practicable*. The failure to accomplish a physical revocation of the visa does not affect the validity of any action taken to revoke or invalidate a visa or other documentation (22 CFR 41.18(c)).

In summary, we conclude that the record establishes that the nonimmigrant visa in possession of the applicant was in fact invalidated before he arrived in the United States. There is no requirement in the law that the applicant need be notified of such revocation or be given a hearing where the Department revokes a visa, and even the regulations governing consular revocation merely provide that notice and opportunity to be heard shall be given only if practicable. It, therefore, appears that Congress has seen fit not to provide for a hearing procedure in cases of invalidation of nonimmigrant visas and has empowered the Secretary of State to revoke in his discretion. The invalidation was, pursuant to the statute, communicated to the Attorney General through his duly designated representative. It is concluded that the evidence establishes that the invalidation was effective prior to the arrival of the alien in the United States and that he was not in possession of a valid nonimmigrant visa at the time he applied for admission. The appeal will be dismissed. Compliance with the order of the court regarding the alien's departure from the United States is the concern of the Service.

**Order:** It is ordered that the appeal be and the same is hereby dismissed.